UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01209 AG (KESx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | DELFINO SEGURA ET AL. v. GRIFFCON, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO REMAND [10]**

Plaintiffs Delfino Segura, Leonicio Segura, and Maurilio Segura originally filed this lawsuit in the Orange County Superior Court against Defendants Griffcon, Inc., and Chris William Griffitts. (Compl., Dkt. No. 1-1 at 2–4.) Plaintiffs claims for relief all concern state law—for example, state wage-and-hour violations, unfair business practices, retaliation, and wrongful termination. (*Id.* at 8–23.) But several months after the case was filed, Defendants removed on the asserted basis of federal question jurisdiction. (Notice of Removal, Dkt. No. 1 at 1–3.) After investigating the case, Defendants say they learned that Plaintiffs claims may include relief for "work performed on federal enclaves." (*Id.* at 2.) Plaintiffs now move to remand this case back to state court, readily conceding that they don't seek any relief for any work performed on any federal enclaves. (Mot. to Remand, Dkt. No. 10 at 2, 7, 10.)

For the following reasons, the Court GRANTS the motion to remand. (Dkt. No. 10.) Cross-Defendant's motion to compel arbitration is MOOT. (Dkt. No. 8.)

**1. PRELIMINARY MATTERS**

Defendants ask this Court to take judicial notice of official public records, which appear to show that Naval Base San Diego, Marine Corps Air Station Miramar, and the Balboa Naval Medical Center are all well-established federal enclaves. (Dkt. No. 14-1.) Under Federal Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01209 AG (KESx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | DELFINO SEGURA ET AL. v. GRIFFCON, INC. ET AL. | | |

of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of "undisputed matters of public record." *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). Plaintiffs haven't disputed that these bases, stations, or sites are in fact federal enclaves, nor have they filed any opposition or objection to the request for judicial notice. Putting aside whether a request for judicial notice was necessary here, the Court concludes that it may appropriately consider these documents for purposes of the pending motion.

## 2. BRIEF BACKGROUND

In February 2012 or 2013, Plaintiffs apparently began working "general construction" for Defendant Griffcon. (Compl., Dkt. No. 1-1 at 4, 10.) According to the state-court complaint, Plaintiffs purport to allege claims for (1) failure to pay wages for all hours worked, (2) failure to pay overtime wages, (3) failure to provide paid rest breaks, (4) failure to timely pay final wages, (5) failure to provide accurate itemized wage statements, (6) failure to pay vested vacation time, (7) unfair and unlawful competition, (8) unlawful retaliation, and (9) wrongful termination in violation of public policy. (*Id.* at 8–23.) All these allegedly unlawful labor and employment practices apparently occurred in Aliso Viejo, California. (*Id.* at 10.)

This case proceeded in state court for about seven months. But at some point, Defendants say they "learned" that Plaintiffs "performed nearly 7,600 hours of work [for the company] within the boundaries of three federal enclaves in San Diego County." (Opp'n, Dkt. No. 14 at 1–2.) Those federal enclaves include Naval Base San Diego, Marine Corps Air Station Miramar, and the Balboa Naval Medical Center. (*Id.*) With those facts, Defendants filed an amended answer that included the "federal enclave doctrine" as an affirmative defense. (*Id.* at 4; *see also* Am. Answer, Dkt. No. 1, Ex. D at 7.) Then a few weeks later, Defendants filed a notice of removal under 28 U.S.C. § 1446(b)(3). Specifically, Defendants say they received an email from Plaintiffs' counsel apparently providing "tacit confirmation" that Plaintiffs "intend their claims to include work performed" on certain federal enclaves. (Szumiak Decl., Dkt. No. 4 at 3.) The email in questions says, in relevant part, "please note that simply working at a federal location is irrelevant to [an affirmative defense under the federal enclave doctrine]." (*Id.*, Ex. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01209 AG (KESx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | DELFINO SEGURA ET AL. v. GRIFFCON, INC. ET AL. | | |

## 3. LEGAL STANDARD

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."). The Constitution provides, in Article III, § 2, that "[t]he judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." And Congress, in 28 U.S.C. § 1331, has authorized district courts to exercise jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

Under 28 U.S.C. § 1441(a), a defendant may remove from state to federal court "any civil action" over which the federal district courts "have original jurisdiction." Congress has provided two windows for removal: First, a defendant may file a notice of removal "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). Second, if the case is not removable at first blush, then a defendant may file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Principles of federalism, due respect for the state courts, comity, and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969) ("Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed."). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

## 4. ANALYSIS

The Court must begin, as always, by determining whether subject matter jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01209 AG (KESx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | DELFINO SEGURA ET AL. v. GRIFFCON, INC. ET AL. | | |

Congress has the power to acquire land from the states—for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings—and to exercise exclusive jurisdiction over those lands. U.S. Const. art. I, § 8, cl. 17; *see Kleppe v. New Mexico*, 426 U.S. 529, 542 (1976) ("[T]he legislative jurisdiction acquired may range from exclusive federal jurisdiction with no residual state police power, . . . to concurrent, or partial, federal legislative jurisdiction, which may allow the State to exercise certain authority."). As the Supreme Court has long held, the Federal Enclave Clause doesn't command that "every vestige" of state law must "vanish." *See James Stewart & Co. v. Sadrakula*, 309 U.S. 94, 99 (1940). Rather, to ensure that no area "will be left without a developed legal system for private rights," the Constitution "permit[s] the continuance until abrogated of those rules existing at the time of the surrender of sovereignty which govern the rights of the occupants of the territory transferred." *Id.* at 99–100. State laws that remain in force after the surrender of sovereignty "remain[] operative as federal law by virtue of the sovereignty of the United States." *See Mater v. Holley*, 200 F.2d 123, 124 (5th Cir. 1952); *see Willis v. Craig*, 555 F.2d 724, 726 n.4 (9th Cir. 1977) (discussing the "confusing jurisdictional issue" of "enclave jurisdiction"). Any claims arising under such assimilated law, "are properly the subject of federal jurisdiction." *Macomber v. Bose*, 401 F.2d 545, 546 (9th Cir. 1968); *see also Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1038 (N.D. Cal. 2005).

Defendants believe that a large portion of Plaintiffs' claims actually concern "work done on federal enclaves," even though the complaint says nothing of the sort. (Notice of Removal, Dkt. No. 1 at 3.) Relying on the convoluted jurisdictional doctrine just described and a choice-of-law analysis based on the Supremacy Clause, Defendants link together a multi-faceted argument to suggest that this Court must exercise federal question jurisdiction over any "assimilated" or "federal-ized" state-law claims. (Opp'n, Dkt. No. 14 at 8–16.)

That may well be the case, but this Court need not wade into muddied waters.

For starters, the Court isn't convinced that removal was appropriate here based on an the purported receipt of an "other paper." *See* 28 U.S.C. § 1446(b)(1). It's true, Plaintiffs' counsel did in fact send an email containing the words "working at a federal location." (Szumiak Decl., Dkt. No. 4, Ex. 1.) But after reading the entire email chain in context, that statement obviously concerned a general discussion of the legal standard governing Defendants' potential affirmative defense. (*Id.*) The email statement wasn't, as Defendants say, "tacit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01209 AG (KESx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | DELFINO SEGURA ET AL. v. GRIFFCON, INC. ET AL. | | |

confirmation" of Plaintiffs's intent to assert claims for work done on federal enclaves. (Szumiak Decl., Dkt. No. 4 at 3.) Any other reading of the email would defy reality.

Even assuming the notice of removal was proper in this case, the Court isn't persuaded by the argument that enclave jurisdiction exists here. As the Supreme Court has long held, "the plaintiff is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). Because the basis for federal question jurisdiction must ordinarily appear "on the face of the complaint," plaintiffs have the ability to "eschew[] claims based on federal law" and "choose to have the cause heard in state court." *Id.* at 399. Critically, Plaintiffs haven't disputed that Naval Base San Diego, Marine Corps Air Station Miramar, and the Balboa Naval Medical Center are all federal enclaves. Nor have they expressed any desire to assert any claims for any work performed on federal enclaves. (*See* Mot. to Remand, Dkt. No. 10-1 at 2, 9–10.) Quite to the contrary, Plaintiffs have continuously asserted their willingness to stipulate to a remand to state court. (Reply, Dkt. No. 16 at 1, 5–6.) This Court is confident that Plaintiffs will be held to those broad representations by the judges of the Orange County Superior Court.

Defendants argue that this Court should maintain jurisdiction anyway to decide "whether a particular parcel qualifies [as] a federal enclave." (Opp'n, Dkt. No. 14 at 17.) But a defendant can't, by merely inserting a subsidiary federal issue into a case, transform the entire lawsuit "into one arising under federal law." *See Caterpillar*, 482 U.S. at 399. Such a practice would impermissibly allow defendants to "select the forum in which [a] claim shall be litigated," and make the plaintiff the "master of nothing." *Id.*

## 5. DISPOSITION

For these reasons, the Court GRANTS the motion to remand. (Dkt. No. 10.) As such, the motion to compel arbitration is MOOT. (Dkt. No. 8.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |